IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

WALTER SMITH,

                Plaintiff,

v.

RICHARDSON, LT. KOLECHECK, KROEPIL,
CANTWELL, WESTABY, WAHL, STARK, RIEL,
CALLIGAN, ANDERSON, DURFF, WALIA, GIZA,
FONS, FLATOR, DEAL, LINQUIST, SCHNEIDER,
CHASAY, CYNOR, CALLIES, DUNCAN, STUVE,
SCHRIEBER, VLASAK, GRENWALL, SAMPLAWSKI,
KREMSRIDER, CO KOLECHECK, KRINGLE, TALLY,
HUER, ADRIAN, STUTLGEN, SCHUNK, BAASIS,
HAUPT, STEIN, and REIMER,

                Defendants.

ORDER

22-cv-459-wmc

---

The court granted plaintiff Walter Smith against 37 defendants under the First, Fourth, and Eighth Amendments, as well as under RLUIPA. Smith has filed a motion for reconsideration (dkt. #12) and proposed second amended complaint (dkt. #13). Smith asks that the court reconsider (1) the omission of his claims against female officers who viewed him naked and harassed him, and (2) the dismissal of defendant Achterberg. As for defendant Achterberg, the court dismissed him for lack of personal involvement, but Smith points out that on May 18, 2015, he reported to Achterberg about officers watching and harassing him while performing istinja, and Achterberg brushed him off, commenting that if Smith did not like how people were treating him he could stop the religious practice of istinja. (*See* dkt. #2, ¶¶ 179-80.) The court did not consider those allegations, but the court is willing to consider those two additional paragraphs as part of this lawsuit and finds that they support a First Amendment free exercise claim against Achterberg, so the court GRANTS this motion in this

respect. Smith's allegations do not state a Fourth or Eighth Amendment claim against Achterberg. Smith is GRANTED leave to proceed against Achterberg under the First Amendment, based on Smith's allegations in paragraphs 179-80 of dkt. #2. The Wisconsin Department of Justice has 14 days to notify the court whether it will accept service on behalf of defendant Achterberg.

As for the omission of the female officer defendants, the court severed paragraphs 88-157 into this new lawsuit because Smith's allegations in those paragraphs related generally to Smith's inability to practice his religious beliefs without harassment. Smith asks that the court include paragraphs 158-84 in this lawsuit because those allegations relate to harassment by female officers. But the court did not include his claims against the female officers in this lawsuit because this lawsuit already borders on unworkable. Although Smith is correct that there is factual overlap between the two sets of allegations, the court has inherent authority to dismiss and sever claims in the interest of efficient court administration. *See Lee v. Cook Cnty., Ill.*, 635 F.3d 969, 971 (7th Cir. 2011). The court declines to reconsider this grouping now, so this portion of Smith's motion is DENIED. Smith is also DENIED leave to proceed on his proposed amended complaint (dkt. #13) as unnecessary.

Entered this 21st day of August, 2023.

BY THE COURT:

/s/

_____
WILLIAM M. CONLEY
District Judge