IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

WALTER SMITH,

                Plaintiff,

v.

MARY REIMER, JASON ACHTERBERG,
REED STUVE, WILLIAM KROEPIL, III,
FOREST CANTWELL, ISAIAH WESTABY,
GREGORY WAHL, BRIAN STARCK, JASON RIEL,
C.O. CALLIGAN, MICHAEL ANDERSON,
STEVEN DORF, RAJ K. WALIA, SHANE GIZE,
PATRICK FONS, AUSTIN FLATOR,
KENNETH DEAL, JEREMIAH LINDQUIST,        ORDER
JEFF SCHNEIDER, C.O. II CHASAY,
RHONDA CYNOR, KYLE KALLIES,             22-cv-459-wmc
RONALD DUNCAN, TYLER SCHREIBER,
CHARLES VLASAK, BRETT GRUNEWALD,
C.O. II SAMPLASKI, CODY KREMSREITER,
CLAYTON KOLECHECK, HAROLD STEIN,
RYAN KRINGLE, JOSH TALLEY, SGT. HUER,
SGT. HUER, DARRIN STUTTGEN, TRAVIS HAUPT,
REUBEN BALSIS, VIRGIL SCHUNK AND KEVIN
CARR,

                Defendants.

---

On May 30, 2025, this court resolved several motions in this case, including plaintiff Walter Smith's motions for default judgment against several defendants, to add unserved defendants to the case, and to stay the case. (Dkt. #109.) The court denied plaintiff's motions in large part but granted him an extension of time to serve discovery on defendant Cynor and to file his response to defendants' motion for summary judgment. The court also noted that the parties should not expect further extensions of the summary judgment briefing deadlines.

Instead of submitting his summary judgment response materials by his deadline for

doing so, however, plaintiff has filed a motion for reconsideration/clarification, challenging several of the court's decisions (dkt. #110), and a motion to extend his deadline to respond to defendants' motion for summary judgment (dkt. #111).

First, he argues that the court's decision to deem the state's previous answer to be amended to include defendants Anderson, Schneider, Cantwell, Linquist, Duncan, Grenwall, Tally, Stuttgen and Reimer denied him the opportunity to seek "Rule 8 relief." (*Id.* at 1–8.) He argues that defendants should be required to file an amended pleading that specifically includes those defendants. However, as explained in the previous order, submissions from both sides show that there was confusion regarding whether plaintiff needed to amend his complaint to identify specifically Anderson, Schneider, Cantwell, Linquist, Duncan, Grenwall, Tally, Stuttgen and Reimer, using the correct spelling of their names, and whether defendants should file an amended answer before he had done so. But the summary judgment deadline arrived before the court provided clarification, so defendants went ahead and filed their motion for summary judgment.

At this point in the case, amended pleadings by either side would provide little clarification or benefit, and the court would not grant any relief under Rule 8. In their summary judgment materials, defendants have included proposed findings of fact and legal arguments relating specifically to defendants Anderson, Schneider, Cantwell, Linquist, Duncan, Grenwall, Tally, Stuttgen and Reimer, which is why the court deemed both plaintiff's and defendants' pleadings to include those defendants. Plaintiff is well aware of those defendants' legal and factual defenses to his claims, and he has identified no specific discovery requests that he would have served on those individuals that he now needs in order to respond fully to defendants' summary judgment arguments. Therefore, plaintiff's motion for reconsideration of the court's

2

decision to deem the existing pleadings in this case as including all defendants represented by the Department of Justice is denied. If he feels he cannot properly respond to a specific factual argument in defendants' summary judgment submissions, he should say so in his own summary judgment response.

Second, plaintiff objects to the court's decision permitting defendants to include defendant Virgil Schunk in their motion for summary judgment. The court will not reconsider this decision, however, because as explained previously, if plaintiff did not receive discovery responses from Schunk that he needed for his summary judgment submissions, he should have moved to compel such responses. In addition, Smith does not identify any specific discovery from Schunk that he needs to respond to defendants' motion for summary judgment. Moreover, although Smith complains that he's had to review thousands of pages of discovery responses and did not have the opportunity to address Schunk's lack of responses specifically, the extensive discovery in this case is due in large part to plaintiff's own decision to sue so many defendants.

Third, plaintiff asks again regarding service of process on defendants Ewer, Gilleran and Deal, and blames defendants for failing to notify him that they were not representing those defendants, even after they had been identified, and for failing to tell him to contact the court and Marshal's Service for assistance in serving those individuals. However, plaintiff has known for months that the Department of Justice was not representing those defendants, but he failed to request assistance from the court until after defendants filed a motion for summary judgment. At this point in the case, it is too late to add new defendants.

Fourth, plaintiff asks whether he is permitted to contact defendant Cynor to serve discovery requests. The answer is yes, as this is what the court directed plaintiff to do in its

previous order.

Finally, the court will grant one final extension, to August 11, 2025, for plaintiff to file his summary judgment responses. If he does not submit responses by that date, the court will consider defendants' motion for summary judgment as unopposed and may dismiss this case with prejudice for plaintiff's failure to prosecute it.

ORDER

1) Plaintiff Walter Smith's motion for reconsideration and clarification (dkt. #109) is DENIED.

2) Plaintiff's motion for extension of time (dkt. #111) is GRANTED. Plaintiff may have until August 11, 2025 to file his response to defendants' motion for summary judgment.

3) Defendants may have until September 2, 2025 to file a reply.

Entered this 17th day of July, 2025.

BY THE COURT:

/s/

_____
WILLIAM M. CONLEY
District Judge